IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANTONIO STACKER,            )
     Petitioner,            )
                            )
                            )
                            )
     V.                     )   CASE NO: 2:16-cr-20115-SHL
                            )
                            )
                            )
UNITED STATES OF AMERICA    )
     Respondent,            )
                            )
                            )

MEMORANDUM IN SUPPORT OF PETITIONER'S TITLE 28 U.S.C. §2255

COMES NOW, Antonio Stacker, presenting this Memorandum in support of his motion under Title 28 U.S.C. §2255. Hereinafter to be referred to as (petitioner) acting pro-se, and would ask this Honorable Court to interpret his motion in its most liberal light and grant him broad interpretation as pursuant to <u>Haines v. Kerner</u>, 404 U.S. 516, 519 (1972).

JURISDICTION

This court holds all legal jurisdiction as it concerns the petitioner's

motion under Title 28 U.S.C. §2255. It is the court that the trial was held in and that sentenced the petitioner in this matter.

GROUND ONE

DEFEENSE COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL:

Defense counsel was ineffective assistance of counsel in several aspects of this case. The attorney that represented the petitioner made a prejudicial tactical error, after she was informed of the grand jury testimony that Keona Gorman gave during the closed grand jury hearings. The prosecution as to the federal government, intentionally and prejudicially withheld this information until just days before the trial was to begin. The attorney, Ms. Jermann-Robinson was aware at that time that the evidence that the government withheld intentionally, now proves that the entire case hinges solely on that testimony. The fact that the information under the Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) rule, it is the obligation of the government to disclose all pertinent information in a forthright and timely manner. This was abused from the very outset by Ms. Stigger, the Assistant United States Attorney in charge of the case. At this time, petitioner's attorney was aware of the possibility of this statement by Ms. Gorman, but was unable to contact Ms. Gorman, because the government was standing at that time on the Jencks Act 18 U.S.C. §3500. In the process of the government finally having no choice but to finally turn over the statement by Ms. Gorman, the government had fully made the availability of Ms. Gorman, beyond the scope of reach of the defense under the Jencks - Act.

The fact that the attorney for the petitioner was aware of the statement being a "game changer" as to her defense or the lack thereof, she was ineffective for not approaching the court at that time in motion as to the intended tactical delay by the government in; 1) not releasing this statement by Ms. Gorman that states "she was the one who owned and possessed the gun," and 2) by not motioning the court as to the violation of the government standing on the Jencks Act, knowing they were obligated to turn this information over before trial no matter what.

The government stood on both the Jencks Act right, and they stood behind Brady. Knowing they were in possession of evidence that was in fact a definite "game changer" for the petitioner.

The government hid behind the Jencks issue in order to prohibit the petitioner from access to Ms. Gorman to ascertain whether or not her statement was of the nature as to the actual facts that happened. She stated in the grand jury hearings "I owned the gun, I was afraid I would get in trouble because it was unregistered, so I lied." Under the Jencks Act the government has every right to prohibit a defense from access to that person and or any written statements. This was their intent and the government violated the rules of "fair play" by knowing they had no other option but to release the statement, it was Malicous intent on the government knowing the defense is unable to contact or talk to a viable and relevant witness, that was the case, by standing behind Jencks. See Stickler v. Greene, 527 U.S. 263, 281 119 S.Ct. 1936, 144 L.Ed.2d (1999). Under that case law, the three prong requirement would be met since 1) the evidence was favorable to petitioner, 2) it was both impeaching and exculpatory, and 3) because of the suppression the petitioner was prejudiced.

This action by the government was "prosecutorial misconduct" on the part of Ms. Stigger and her associates. The ploy to prohibit the defense from access to the statement by Ms. Gorman was not what is termed a "tactical strategy" it borders on insubordination and malicious intent. See <u>Hill v. Mitchell</u>, 2013 U.S. Dist LEXIS 45919, Case No:1:98-cv-452 (S.D.Ohio 2013); <u>Hill v. Mitchell</u>, 2016 U.S. App.LEXIS 21458 (6th Cir.)(6th Cir.2016)(State suppressed material under <u>Brady</u> claim won new trial as to that intentionally suppressed evidence that was exculpatory evidence, in violation of the petitioner's rights to due process, a fair trial, and his right to be free from cruel and unusual punishment as guaranteed under the Sixth, Eighth, and the Fourteenth Amendments.

Withholding this evidence did cause prejudice sufficient to excuse the procedural default of petitioners rights as to <u>Brady</u>. See <u>Banks v. Dretke</u>, 540 U.S. 668, 691, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004); also <u>Cowen v. Stovall</u>, 645 F.3d 815, 818 (6th Cir.2011)(Failure to disclose <u>Brady</u> material as to exculpatory and impeachment evidence.

The attorney in petitioner's case was ineffective assistance of counsel by 1) not objecting to the court immediately under motion as to this clear and intentional action under malicious intent as to citing <u>Jencks</u> in order to prohibit her from gathering the testimony statement she supplied during the grand jury hearing. 2) failure to motion the court as to the fact that the government built its case upon a foundation of a known lie by the only witness in evidence other than the statement by the police officer at the scene. 3) Attorney was ineffective for advising her client that she would proceed to trial under the "self Defense Theory." See <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); also <u>Lafler v. Cooper</u>, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012)(attorney's poor advise as to being able

proceed to trial and winning under that defense proposed).

The petitioner's attorney failed in her counsel to simply motion the court, and to remove herself at that time and advise the petitioner that he would be able to prevail if he had new counsel and had his new counsel made the government provide all <u>Brady</u> material that should have been timely disclosed, and make the government prove their case on its own evidence and merits. Attorney was ineffective assistance of counsel by this action.

Had this happened, the government could not have shown that the petitioner was guilty by the statement of Ms. Gorman other than the petitioner acted out of "self preservation" as any normal person would have in this situation. The attorney could not ethiclly provide the proper defense and should have used the strategy of filing a motion to remove herself from the petitoner's case at that time. Had she done so, it would have put the burden of proof entirely upon the government.

The intentional withholding of dire "exculpatory evidence" in this case by standing behind <u>Jencks</u> to prohibit availability for debriefing would have exposed the lie by the witness to the grand jury. This was prejudicial and harmful error by the government for their actions, and prejudicial on the attorney's part and ineffective assistance. See <u>United States v. Blood</u>, 435 F.3d 612, 627 (6th Cir.2006)(withholding of exculpatory evidence); also <u>United States v. Bencs</u>, 28 F.3d 555, 560-61 (6th Cir.1994).

GROUND TWO

<u>IMPROPER JURY INSTRUCTION, PROSECUTORIAL MISCONDUCT, JUDGE WAS BIASED</u>:

The judge in this case showed extreme bias towards the defense in the way the court ruled against the <u>Brady</u> and <u>Jencks</u> violations in the case.

The judge admitted that the prosecution violated the Brady rule and still ruled that this was not an issue that was prejudicial. It can only be fair to say that the judge would have made a more regulatory review and possibly ruled in the favor of the defense had the petitioner's attorney made the attempt from the pre-trial stage of the process. The judge also made the admission in open court that the government violated Brady and showed his bias in his ruling against the question "did it prejudice the petitioner?" See Caperton v. Massey Coal Inc., 556 U.S. 868, 881, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009); Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)(Judge showed bias in ruling in favor of government repeatedly in issues that were clear error).

The judge also forced the jury to a decision after giving an unclear "jury instruction" that left the jury in a state of confusion. It became known through social media by numerous jurors in this case, to the petitioner that the jurors did not feel that the government proved "possession" of the firearm in this case. That the judge sent in word that right after he did so, it only took the jurors six (6) minutes to come back with a conviction. How is this so, if two of the jurors stated to the petitioner after the trial that the government did not prove its case. They stated that the instructions left them no other choice but to come to that conclusion after word from the judge. (Improper jury instructions, confusing and unclear)

It seems as though the government in its belief that it is above the rules of the law by withholding pertinent and crucial information concerning the main witness's statement to a seated grand jury that she was the only one ever in possession of the firearm. It was evident in the bias of the judge that he allowed the government the right to protest under Jencks that that is why they never released the witness for defense deposition

until they knew they had to or risk mistrial or dismissal. <u>Hill v. Mitchell</u>, 2016 U.S. App. LEXIS 21458 (6th Cir.2016).

The judge ruled that the officer that testified in open court could stand under the "issued utterances" rule. The court abused its discretion as to allowing everything in favor of the government, and in all fairness left the defense nothing. See <u>United States v. Arnold</u>, 486 F.3d 177, 184 (6th Cir.2007)(an abuse of discretion occurs when a ruling is based upon an error of law or a clearly eroneous finding of fact, or when the government fails to "release" exculpatory evidence under a <u>Brady</u> rule.

The officer testified that almost 25 minutes after the incident, well after the situation has been deemed "excitable" the officer states that she hears the witness state "he had a gun." The government knew as did the grand jury that the witness stated that "she had the gun" not him." The court allowed under the "issued utterances rule." The court held a hearing on Friday August 12th, as to motions and various pretrial issues. This was the time when the judge states that the government did in fact violate the <u>Brady</u> rule. It was then that the court should have heard from the attorney as to the intended delay by the government as to both the government citing <u>Jencks</u> and <u>Brady</u>. Instead, the judge gives the government everything as to allowing the statement of the officer under the "issued utterances" even though the rule alludes to the excitement of the moment, not 25 minutes later after everything has long settled down. The judge allows that the government violated the "exculpatory evidence" rule made by the government and does nothing to make a "fair trial" in the petitioner's case. This showed extreme judicial bias on the judges behalf, and everything favorable to the government, all in harmful error to the petitioner in this matter.

The court allowed all errors as harmless. It is apparent if the record is reviewed, that the government had a professional standard of candor under the Tennessee Rules of Professional Conduct, Tenn.Sup.Ct.R.Prof.Conduct 8, 3.3(a)-(c). Hearsay evidence should not be admissable , even under the "excitable utterances" clause because the petitoner's accuser admits she was lying under oath about the petitioner ever having a gun. The witness stated that it was her gun and it wasn't registered. Nothing more. In the heat of the monent, she made a statement well after the rule of "excitable utterances" can be injected into this case. By the witness's own admission to a federal grand jury, she states under oath that it was her gun and her gun only. And only she possessed it.

## CONCLUSION

It is apparent that the government could not, if made to, prove that the petitioner ever had possession of a firearm. It could have released the statement of the witness Ms. Gorman at the earlier convienance of the trial, not two days before trial, and if the government did so, it knew it had no case. The petitioners attorney should have recused herself and by motion asked the court in the hearing the Friday before trial, and allowed the government what it deserved, to be left in hopes of filing a case against their own witness for suborning perjury, and they should have been sanctioned by the court for "unfair trial tactics." (Prosecutorial misconduct)

Petitioner's attorney failed him in advise to proceed under a "self defense claim" and she was ineffective assistance of counsel for advising him to go to trial. See Strickland v. Washington, 466 U.S. 668 (1984) and Lafler v. Cooper, 132 S.Ct. 1376 (2012).

The judge in this case was bias towards the government and in fact acted as an "advocate of the government" in his actions of decision in the court before, during and after trial. (<u>Unethical judicial sanctions</u>)

The government acted in total disregard for the <u>Jencks</u> and <u>Brady</u> rules, and practiced "unfair trial tactics" and got away with them by action of a government favored district judge. His attorney failed him in all aspects of the case by not removing herself and making the government prove its case in entirety solely on the evidence available to it by "fair trial rules."

Therefore, this court should grant this petitioners motion as to his §2255 under ineffective assistance of counsel and unfair government tactics in violation of both <u>Jencks</u> and <u>Brady</u> and the judge's unfair rulings as to the government in its violation of those stated rules.

## RELIEF REQUESTED

The petitioner asks this Honorable Court to grant his petition and allow him his motion under §2255 and any other relief that this court deems appropriate. Petitioner asks the court to determine that he was treated in an unfair and biased fashion, and the prosecutor acted inappropriately and was allowed to by the judge in charge of petitioner's trial. He asks this Honorable court to correct the wrongs enacted upon him and rule in his favor in this matter.

Respectfully submiited,

*Antonio Stacker*
Mr. Antonio Stacker
Register #20079-076
FCI Memphis
P.O. Box 34550
Memphis, TN. 38134-0550

## CERTIFICATE OF SERVICE

I, Antonio Stacker, do hereby verify and certify that a true and correct copy of the foregoing was deposited within the legal mailbox using First Class Postage to the following concerned parties, listed as follows pursuant to the mailbox rule in Houston v. Lack, 487 U.S. 266 (1988);

United States Attorney's Office
Ms. Stigger
Suite 800 Federal Building
167 North Main Street
Memphis, TN. 38103

United States District Court
Clerk of the Court
242 Federal Building
167 North Main Street
Memphis, TN. 38103

On this 14th day of May, 2019.

*Antonio Stacker*
Antonio Stacker
Register #20079-076
FCI Memphis
P.O. Box 34550
Memphis, TN. 38134-0550