IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED
19 JUL 17 PM 2:35
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ANTONIO STACKER<br>    Petitioner, | )<br>)<br>) |
| V. | ) CASE NO: 16-cr-20115-SHL |
| UNITED STATES OF AMERICA<br>    Respondent, | )<br>) MOTION UNDER RULE 15(c) TO SUPPLEMENT AND<br>) AMEND A PREVIOUS MOTION PENDING BEFORE THIS<br>) COURT PURSUANT TO TITLE 28 U.S.C. §2255: |

MOTION TO THE DISTRICT COURT PURSUANT TO RULE 15(c) SEEKING PERMISSION
TO SUPPLEMENT AND AMEND A MOTION ALREADY PENDING BEFORE THIS COURT

---

COMES NOW, Antonio Stacker, Hereinafter to be referred to as the (petitioner), seeking permission for this Honorable Court to accept a motion by the petitioner as pursuant to Rule 15(c) and headed as a motion to "Supplement and Amend" to insert into the record certain facts of importance that reflect dramatically in this appeal. The petitioner asks the court to allow this motion to reflect a new ruling that is in accordance with the petitioner's case in general and pertinent facts that give great weight to the petitioner's appeal before this court.

Petitioner would state for the court that he is filing this motion as a pro-se inmate, and the fact that he is not a trained or licensed attorney and would ask the court for wide latitude and broad interpretation as to legal prose and format pursuant to Haines v. Kerner, 404 U.S. 516, 519 (1972).

This court has the petitioner's motion pursuant to his appellate right under Title 28 U.S.C. §2255, and the motion has already covered the issue as to jurisdictional claims as to this court holding jurisdictional rights.

## SUPPLEMENTAL ARGUMENT

JURY INSTRUCTION WAS VAGUE AS TO "JUSTIFICATION" OR "KNOWINGLY" DEFINITION:

The court failed the petitioner in its lack of clarification when it gave the jury instructions as to what could only be considered in its deliberations as to the petitioner "knowingly possessed a firearm, meaning he possessed the firearm purposefully and voluntarily, and not by accident or mistake." (See Trial Transcripts, pg.921, line 8-11). Here, the court could have and should have given the jury the added instructions as to the other possible way that the petitioner could have "unknowingly" still possessed the firearm, in defense of himself in such a way as to solely protect himself against death or bodily harm. Such as in the newly decided case of United States v. Rehaif, 888 F.3d 1138, 1140-41, 1147-48 (11th Cir.2018) (Cert.granted 139 S.Ct. 914, 202 L.Ed.2d 641 NO:17-9560).

In Rehaif, the question arises as to "knowledge" as to being a felon. The defendant was in the United States illegally, and rented a firearm to shoot at a gunrange. The fact that the defendant Rehaif did [not] knowingly

-2-

have awareness as to his being in unlawful possession of a firearm due to his being in this country illegally, gave rise to his conviction and subsequent appeal and winning his claim as to knowledge as to actually violating the rule of law in concerns to being a "felon in possession" of a firearm as to knowingly. This brings into question the rules of criminal law as to "seperate those who understand the wrongful nature of their act from those who do not." See X-Citement Video, 513 U.S. 64, 70, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994)(Considering the law respecting "mens rea." In General, courts interpret criminal statutes to require that a defendant possess a mens rea, or guilty mind, as to every element of an offense). See Elonis - v. United States, 575 U.S. ___, ___, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015).

In such cases, courts read the statute against a "background rule" that the defendant [must know] each fact making his conduct illegal.

Such as in Rehaif v. United States, No:17-9560 and the ruling that the defendant did not "knowingly" have the foreknowledge that he did anything outside the norm of the law, because he was not in awareness as to his being in violation of the law. Here, the petitioner earned the right to have the court give a jury instruction that gave them this option as to the petitioner at the heat of the moment doing what any sane or normal person would have done to protect themselves. The court put it to the jury after the jury informed the court that it could not come to a conclusion as to whether or not there was an actual crime even committed. The court then tells the jury that one of the questions in the case is "whether the defendant was 'justified' in committing the crime." The court gave an vague interpretation and one that did not include a "mens rea" type option of the petitioner "knowingly" violating the law. See Rehaif.

COURT FAILED TO CORRECTLY CHARGE THE JURY

The court failed to correctly charge the jury in two seperate fashions. First and foremost, the court gave the jury improper and vague jury instructions as to a "mens rea" type of verdict selection. While it is out of fashion to tell a court it was incorrect, it is unfair to not point out in the petitioner's defense, that the court should have given the jury the option in light of its telling the court that it was unable to come to a final conclusion without direction as to the charge. See (Tr.Trans. Pg.1013-14) as to the court telling the jury once again the same information as to the way it must deliberate and come to a conclusion in this matter. Upon the court telling the jury it was not meant to be an "endurance test," and one of the jurors tells the court, "Yes, I want to go home," the jury goes back out at 5:55 p.m., it returns at approximately 6:01 p.m. with a verdict of guilty. See United States v. Williams, 704 F.2d 315, 321 (6th Cir.1983)(The court completely eliminated the "mens rea" requirement as to charged conduct). See in conjunction with Williams, the court abused its discretion standards as to any supplemental jury instruction for abuse of discretion to determine whether it fairly responds to the jury's inquiry without creating prejudice. See United States v. Sanders, 472 Fed.App'x. 376 (6th Cir.2012).

When the jury asked the court as to the way the instruction was to be determined, the court should have given another option as to the "mens rea" action of the defendant, and now as to the new ruling in Rehaif v. United - States, NO:17-9560, it is apparent that the petitioner had a right to have the jury instructed as to "knowingly" being a felon in possession of a firearm if he had no prior knowledge that in simply protecting himself, and then

immediately dis-associating himself of the situation to leave the danger of that current situation, he had every right to have the jury deliberate that type of possible justification as to the actions on that day.

The second error of the sentencing court as to failure to correctly charge the jury, it came when there was a question as to whether the defendant was using his phone, and one of the jurors made a statement that they thought that the petitioner was taking photos with his phone of the jury. The court should have openly "charged the Jury" as to this incident and the fact that this was not an issue and had not transpired. See <u>Arthur Anderson-LLP v. United States</u>, 544 U.S. 696, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005); <u>United States v. Williams</u>, 704 F.2d 315, 321 (6th Cir.1983); <u>United States - v. Munoz</u>, 605 F.3d 359, 373-74 (6th Cir.2010).

This caused the petitioner great and harmful error in the fact that a juror might have thought that the petitioner was taking pictures for nefarious acts later. The court made the error of not charging the jury as to their thoughts and or intents as to future impartiality in this case.

## COURT FAILED TO CLARIFY THAT KEONA GORMANS TESTIMONY WAS DISCARDED

The court failed to charge the jury as to Keona Gorman's testimony as being non-credible as to the case-in-chief. The fact that the court had to remove the four points as to relevant conduct in the petitioners PSR at sentencing, due to the fact that her testimony was clear when she stated that she was afraid she would get into trouble, and therefore lied about the gun. Then the court should have also told the jury in its turn to deliberate as to the guilt of the petitioner to disregard any and all testimony given in

court in front of the jury as to the incidents in the case. If the court is to discount the four level enhancement due to her testimony being unreliable, it should have also given a charge to the jury as to the disregarding of all testimony in the case by this witness.

## CONCLUSION

The court should have been clearer in its availability to the jury as to the "mens rea" type of charge needed to make this case viable. The petitioner simply tried to protect himself. He had no foreknowledge that he was guilty of any crime in this matter by taking an unknown firearm away from Keona Gorman. The court had to disregard all of her testimony as to this case, then there is no right pursuant to Rehaif to have charged the petitioner with a crime. The jury could not rely on the testimony of the only true witness in this case. It is proven in the fact that the court removed the four level enhancement at sentencing as to her statements and all of her testimony given as to being uncredible.

Therefore, it is within this courts power to grant this motion as to a supplemental brief and an amended motion as to the newest ruling in the case just decided in Rehaif v. United States, No:17-9560. It would only go to the fairness of the ruling of the jury in this case. If the court found the witness, the only real witness in this case to be a liar and unreliable, then it is only fair to be able to show where the court committed harmful error in failing to correctly charge the jury in the above listed argument.

The petitioner in this matter was a member of good standing when this incident happened. He was working and doing all of the right things he was

supposed to be doing to stay out of trouble. He was faced with an incident beyond his control except at that spur of the moment, and acted out of the moment to save his own life. Nothing more. The trial was not conducted in the aspects that should have been accorded as to complete fairness as to the jury charge or the lack thereof. It would be in the interests of justice if the court would grant this motion in full.

### RELIEF REQUESTED

The petitioner would ask this Honorable Court to grant his relief in the form of vacating his conviction and setting it aside in totality, or in the least to remand for a new trial and correct accordance with the proper charging of the jury in all aspects without the testimony of Keona Gorman. He asks this and any other relief that this court deems appropriate.

Respectfully submitted,

Antonio Stacker
Register #20079-076
F.C.I. Memphis
P.O. Box 34550
Memphis, TN.  38184-0550

On this 15th day of July, 2019.

CERTIFICATE OF SERVICE

I, Antonio Stacker, do hereby verify and certify that a true and correct copy of the foregoing was deposited within the legal mailbox here at F.C.I. Memphis, using First Class Postage, to the following concerned persons:

United States District Court
Office of the Clerk
Western District of Tennessee
242 Federal Building
167 North Main Street
Memphis, TN.  38103

Mr. Stigger
United States Attorneys Office
167 North Main Street, Suite 800
Memphis, TN.  38103

Antonio Stacker
Register #20079-076
F.C.I. Memphis
P.O. Box 34500
Memphis, TN.  38184-0550

On this 15th day of July, 2019